Case 2:22-cv-00148   Document 11   Filed on 08/24/22 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR PACHECO-MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00148 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Hector Pacheco-Morales is a Texas inmate appearing *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the LeBlanc Unit in Beaumont, Texas. Plaintiff's allegations in this case arise in connection with his previous temporary housing assignment at the McConnell Unit in Beeville, Texas.

In this action, Plaintiff sues: (1) Bobby Lumpkin, TDCJ Executive Director; and (2) McConnell Unit Warden G. Miller. Plaintiff raises claims in connection with the hardships associated with his being placed temporarily in administrative segregation while he awaited transfer to another facility. Plaintiff also complains that Defendants, as supervisors, were responsible for his post-colonoscopy medical care while Plaintiff was temporarily housed at the McConnell Unit.

On July 5, 2022, the undersigned conducted a *Spears*[2] hearing where Plaintiff was given an opportunity to explain his claims. The following representations were made either in Plaintiff's Original Complaint (D.E. 1) or at the *Spears* hearing.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff is an inmate requiring placement at a TDCJ facility with a 24-hour medical department due to a heart condition. Before arriving at the McConnell Unit, Plaintiff was housed at the Joe Ney Unit in Hondo, Texas. During that time, Plaintiff underwent a colonoscopy procedure at the University of Texas Medical Branch at Galveston -- TDCJ Hospital. On March 26, 2021, Plaintiff was transferred to the McConnell Unit temporarily. Because he was in a transient status, Plaintiff was placed in administrative segregation while he awaited transfer to another more permanent TDCJ Unit. (D.E. 17, p. 19). Plaintiff was transferred out of the McConnell Unit less than a month later, arriving at the Leblanc Unit, in Beaumont, Texas on April 21, 2021.

In a previous federal action, Plaintiff raised deliberate indifference claims relating to his post-colonoscopy medical care at the McConnel Unit. *Hector Pacheco-Morales v. Bryan Collier*, No. 2:21-cv-147 (S.D. Tex. filed June 17, 2021). The previous action was dismissed with prejudice on August 2, 2022, and Plaintiff was assessed a "Strike." Plaintiff's medical condition and care in connection with his temporary housing at the McConnell Unit are documented well in Case No. 2:21-cv-147 and need not be recited again herein.

During the *Spears* hearing in the instant action, Plaintiff was asked how the instant case differed from the previously dismissed action. Plaintiff explained that the instant case involves his allegations about his temporary housing in administrative segregation at the McConnell Unit. Plaintiff testified he was in administrative housing because he was in a transient status. However, he further alleges there was no security reason for him to be in

administrative segregation. He complains that being in segregation placed him in a more restrictive custodial status than was required. Plaintiff complains "This time [] was worse, no recreation, no indigent access, no commissary access, no phone calls." (D.E. 1, Page 4). Plaintiff also alleges housing in administrative segregation resulted in less freedom of movement around the facility and difficulty being seen by the unit medical department. Plaintiff further alleges that when he arrived at the Leblanc Unit, he was not subjected to the same restrictions.

Plaintiff is suing Director Lumpkin and Warden Miller because they are supervisors responsible for his placement in administrative segregation. Plaintiff makes reference to the Americans with Disabilities Act (ADA) and states that he is seeking monetary damages and injunctive relief. (D.E. 1, Page 1 & 6). Plaintiff testified that neither defendant had any personal involvement with him while he was at the McConnell Unit. Plaintiff also appears to be attempting to relitigate his medical deliberate indifference claims, this time against Director Lumpkin and Warden Miller. Plaintiff is suing Director Lumpkin and Warden Miller in connection with his medical deliberate indifference claims because of their positions as supervisors.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief

above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## IV. DISCUSSION

### A. Americans With Disabilities Act

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The Supreme Court has held that Title II of the ADA applies to state prison facilities and state prison services. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). To establish a valid claim under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation or denied meaningful access to services, programs, and activities, or that he was otherwise discriminated against by defendants; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997). Intentional discrimination is required in order to recover compensatory damages under the ADA. *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002).

For the limited purposes of this Memorandum and Recommendation ("M&R"), the undersigned will assume Plaintiff has a qualifying disability under the ADA. The

undersigned will also accept that Plaintiff had limited access to certain services including recreation, telephone privileges, and commissary. The undersigned also accepts that Plaintiff had more difficulty being seen by the McConnell Unit Medical department because Plaintiff was in segregation and required escorts.

However, Plaintiff's ADA claim fails because he has not alleged any fact that would support an inference of intentional discrimination. As alleged by Plaintiff, his restricted access to certain services was not the result of his medical condition or intentional discrimination. The restrictions Plaintiff faced were the result of his being placed in temporary segregation while he was in a transient status in a temporary housing assignment while he was being transferred to his permanent unit of assignment. Plaintiff was at the McConnell Unit for less than a month. The restrictions he faced were no different than a prisoner without disabilities who also was placed in administrative segregation. Plaintiff's restrictions were lifted once he arrived at his current unit of assignment. (D.E. 1, Page 4).

Plaintiff fails to allege or raise any suggestion that the complained of conditions of confinement were caused by any discrimination on the defendants' part. Plaintiff's conclusional assertions do not show otherwise and they are not sufficient to set forth a claim for violation of the ADA. *See Hall v. Thomas,* 190 F.3d 693, 696 (5th Cir.1999); *see also Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was

disabled."). *See also Evans v. Wright*, No. 6:14-CV-566, 2015 WL 5766862, at *8 (E.D. Tex. Sep. 29, 2015) ("Acts of negligence do not fall under the ambit of the ADA.").

Additionally, an inmate does not have a constitutional right to be incarcerated in the prison of his choice. *Meachum v. Fano*, 427 U.S. 214, 224 (1976). "A prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). A criminal conviction under the laws of the State "sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons ... [t]hat life in one prison is much more disagreeable than another does not in itself signify that [a liberty interest] is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum*, 427 U.S. at 224-25 (emphasis in original).

The undersigned respectfully recommends that Plaintiff's ADA claims be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### B. Deliberate Indifference

Plaintiff alleges Director Lumpkin and Warden Miller were deliberately indifferent to Plaintiff's medical needs in connection with Plaintiff's recovery from having polyps removed during a coloscopy. Plaintiff names these defendants because of their supervisory positions alleging their subordinates ignored Plaintiff's complaints concerning his post colonoscopy bleeding.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) *Farmer*, 511 U.S. at 834. In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant

actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. *Estelle*, 429 U.S. at 104-05. A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat*

*superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff attempts to sue Director Lumpkin and Warden Miller for the actions, or inaction, of their subordinates. (D.E. 1, Page 4). Plaintiff alleges nothing in his Complaint or testimony at the *Spears* hearing to suggest either defendant had any personal involvement with regard to Plaintiff's medical treatment or conditions of confinement. Because these defendants had no participation in Plaintiff's treatment or inmate classification and are named by Plaintiff because they are supervisors, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint and *Spears* hearing testimony, taken together and liberally construed, fail to give rise to a plausible inference of actionable conduct against these defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While it is unnecessary to further analyze Plaintiff's medical condition or treatment in the present case, the undersigned notes that Plaintiff's medical deliberate indifference claims against the medical providers have been addressed in *Hector Pacheco-*

*Morales v. Bryan Collier*, No. 2:21-cv-147 (S.D. Tex. filed June 17, 2021). As reflected in the *Spears* hearing testimony in both cases, Plaintiff was seen and treated by multiple health care providers during his incarceration and recovery. Plaintiff testified during the *Spears* hearing in the instant case that he has fully recovered from the colonoscopy procedure.

The undersigned respectfully recommends, therefore, that Plaintiff's deliberate indifference claims against Defendants Lumpkin and Miller be dismissed with prejudice for failure to state a claim for relief.

## V. RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that: Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned respectfully recommends further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on August 24, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).