Case 2:22-cv-00148 Document 27 Filed on 01/19/23 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR PACHECO-MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00148 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Hector Pacheco-Morales (#02257486) is a Texas inmate in this civil rights action. His case was summarily dismissed on screening and he now seeks to proceed *in forma pauperis* on appeal. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Applications to Proceed *In Forma Pauperis* on appeal (D.E. 24, D.E. 25) be **DENIED**.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed this inmate civil rights action on July 5, 2022. He was permitted to proceed *in forma pauperis*. (D.E. 6). Plaintiff raises claims in connection with the hardships associated with his being placed temporarily in administrative segregation while he awaited transfer to another facility. (D.E. 1; D.E. 11 and D.E. 19). On January 5, 2023, his case was dismissed with prejudice and the dismissal was counted as a strike for purposes of 28 U.S.C. § 1915(g). (D.E. 19 and D.E. 20). Plaintiff filed a Notice of Appeal on January 13, 2023. (D.E. 21).

On January 17, 2023, 2022, Plaintiff filed two Motions to Proceed *In Forma Pauperis* ("IFP") on appeal. (D.E. 24, D.E. 25).

## II.   DISCUSSION

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Pacheco-Morales v. Richardson*, No. 4:21-cv-2256 (S.D. Tex. Nov. 9, 2022) (Order detailing Plaintiff's strikes). Further, in a related case, the undersigned also recently recommended Plaintiff's application to proceed *ifp* on appeal be denied. *Pacheco-Morales v. Collier*, No. 2:21-cv-147 (S.D. Tex. Dec. 28, 2023) (M&R to deny Plaintiff's application to proceed *ifp*). In the instant case, Plaintiff is barred from proceeding *ifp* on appeal unless he is in imminent danger of serious physical injury.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement

of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Ciarpaglini,* 352 F.3d at 331); *accord Andrews v. Cervantes,* 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (same).

The factual background in this case is set forth in the undersigned's August 24, 2022 Memorandum and Recommendation ("M&R") to Dismiss. (D.E. 11). As set forth in the M&R, Plaintiff was only temporarily assigned to the TDCJ McConnell Unit in Beeville, Texas for a matter of weeks in late March 2021 and early April 2021. During a portion of this period, Plaintiff was housed in administrative segregation where the conditions of confinement were more restrictive than general population housing. Plaintiff alleged he had no recreation, no commissary privileges, no telephone calls and that it was more difficult to be seen by the unit medical department. Plaintiff is no longer housed at the McConnell Unit. He is currently housed in the TDCJ LeBlanc Unit in Beaumont, Texas. Because Plaintiff's allegations in the instant case involve conditions of confinement from a previous unit, Plaintiff cannot establish that he is in imminent danger from those historic conditions. Further, as set forth in the *Spears* hearing testimony in both cases, during the short time period associated with case, Plaintiff was seen and

treated by multiple health care providers including treatment at a local hospital in Beeville, Texas and at the University of Texas Medical Branch TDCJ Hospital in Galveston, Texas. Plaintiff also testified during the *Spears* hearing in the instant case that he has fully recovered from the colonoscopy procedure. To the extent Plaintiff is attempting to complain about his current medical care, those claims are not before this Court and must be raised in a separate action.

There is no indication that he is exposed to imminent danger of serious injury in connection with the historic allegations presented in the instant case. Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint.

### III. RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's Motions to Proceed *In Forma Pauperis* on appeal, (D.E. 24 & D.E. 25), be **DENIED**.

Respectfully submitted on January 19, 2023.

Jason B. Libby
United States Magistrate Judge